FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 0 6 2010

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **MARY ELLEN SCHIER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action NO. CV - 1353 |
| | ) | |
| **WIZARD ELECTRONICS, INC.,** | ) | *JURY TRIAL DEMANDED* JEC |
| **COMMERCIAL AUDIO** | ) | |
| **SYSTEMS, INC. and** | ) | |
| **NATHANIEL C. HARRISON,** | ) | |
| **III,** | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

**COMES NOW** Plaintiff Mary Ellen Schier (Plaintiff"), by and through her undersigned counsel, and files this Complaint against Defendant Wizard Electronics, Inc. ("Wizard"), Defendant Commercial Audio Systems, Inc. ("Commercial") and Defendant Nathaniel C. Harrison, III ("Harrison") (collectively "Defendants").

## PARTIES

1.     Plaintiff is an individual, a resident / citizen of the State of Georgia and resides at 3444 Centerset Court, Snellville, Georgia  30039.

- 1 -

2.     Wizard is a company organized under the laws of the State of Georgia with its principal place of business located at 1438 Tullie Road NE, Atlanta, Georgia 30329.

3.     Wizard may be served via its registered agent for service of process – Harrison, 1438 Tullie Road NE, Atlanta, Georgia 30329.

4.     Commercial is a company organized under the laws of the State of Georgia with its principal place of business located at 1438 Tullie Road NE, Atlanta, Georgia 30329.

5.     Commercial may be served via its registered agent for service of process – Harrison, 1438 Tullie Road NE, Atlanta, Georgia 30329.

6.     Harrison is an individual and resident / citizen of the State of Georgia.

7.     Harrison is Wizard's CEO and, upon information and belief, the owner of Wizard, sole shareholder of any and all of Wizard's issued / outstanding shares of stock and/or majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

8.     Harrison is Commercial's CEO and, upon information and belief, the owner of Commercial, sole shareholder of any and all of Commercial's issued /

- 2 -

outstanding shares of stock and/or majority shareholder of any and all of Commercial's issued / outstanding shares of stock.

9.     Upon information and belief, Harrison resides at 3575 Kingsboro Road NE, Atlanta, Georgia 30319.

10.    Harrison may be served at 1438 Tullie Road NE, Atlanta, Georgia 30329.

## JURISDICTION

11.    Pursuant to 28 U.S.C. § 1331, this Court has federal question jurisdiction over Plaintiff's Complaint for violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

12.    Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's state law claims.

## VENUE

13.    Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in the State of Georgia and within the Northern District of Georgia.

14.    Venue is also proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events / omissions giving rise to

- 3 -

Plaintiff's Complaint occurred within the Northern District of Georgia and/or a substantial part of the property at issue in Plaintiff's Complaint is situated in the Northern District of Georgia.

## FACTUAL BACKGROUND

15.     In or around the 2004, Plaintiff was hired by Defendants.

16.     Throughout Plaintiff's employment with Defendants, she was employed by Defendants their "Accounts Payable Manager" and/or "Office Manager."

17.     At no time during Plaintiff's employment with Defendants did she agree to be their CFO.

18.     At no time during Plaintiff's employment with Defendants did she authorize or give Defendants permission to list her as their CFO with the Georgia Secretary of State and/or on the Georgia Secretary of State's Website.

19.     At no time during Plaintiff's employment with Defendants did she authorize or give Defendants permission to represent to anyone that she was their CFO.

20.     At all relevant times, other than the approximate last week or two of Plaintiff's employment with Wizard and Harrison, Plaintiff's contract with Wizard

- 4 -

and Harrison was that she would be paid $725.00 per week (Plaintiff's contract with Wizard and Harrison the approximate last week or two of her employment with Wizard and Harrison may have been for ten or fifteen percent less per week).

21.  At all relevant times, Plaintiff's contract with Commercial and Harrison was that she would be paid $184.00 per week.

22.  On or about May 13, 2010, Plaintiff resigned from her employment with Defendants, in part because Defendants repeatedly and willfully failed and refused to pay her.

23.  Wizard and Harrison repeatedly and willfully failed and refused to pay Plaintiff from approximately December 2009 through the end of her employment – approximately $16,000.00.

24.  Commercial and Harrison repeatedly and willfully failed and refused to pay Plaintiff for approximately the last three weeks of her employment – approximately $552.00.

25.  Not only did Defendants repeatedly and willfully fail and refuse to pay Plaintiff the above amounts for the above weeks pursuant to the above contracts, Defendants also repeatedly and willfully failed and refused to pay

- 5 -

Plaintiff at least minimum wage for each and every hour she worked during such weeks.

26.     Plaintiff also worked in excess of forty hours per week during many weeks of her employment with Defendants, including during many, if not all, of the weeks from approximately December 2009 through the end of her employment with Defendants.

27.     Defendants also repeatedly and willfully failed and refused to pay Plaintiff time and one half (i.e., overtime) for the time that she worked in excess of forty hours per week during the weeks from approximately December 2009 through the end of her employment with Defendants.

## COUNTS / CLAIMS

## Count / Claim I – FLSA Minimum Wage Violation (Against All Defendants)

28.     Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

29.     At all relevant times, Harrison was Wizard's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

- 6 -

30.     At all relevant times, Harrison acted directly in the interest of Wizard in relation to Plaintiff as defined by the FLSA.

31.     At all relevant times, Harrison was Commercial's CEO and, upon information and belief, the owner of Commercial / sole shareholder / majority shareholder of any and all of Commercial's issued / outstanding shares of stock.

32.     At all relevant times, Harrison acted directly in the interest of Commercial in relation to Plaintiff as defined by the FLSA.

33.     At all relevant times, Defendants were Plaintiff's employers as defined by the FLSA.

34.     At all relevant times, Defendants were subject to the minimum wage provisions of the FLSA.

35.     At all relevant times, Plaintiff was an employee of Defendants – specifically, "Office Manager" and/or "Accounts Payable Manager."

36.     At all relevant times, Plaintiff was entitled to at least minimum wage pursuant to the FLSA.

37.     Wizard and Harrison repeatedly and willfully failed and refused to pay Plaintiff at least minimum wage for each and every hour she worked during

each week from approximately December 2009 through the end of her employment with Wizard and Harrison.

38.     Harrison may be held individually / personally liable along with Wizard for violating the minimum wage provisions of the FLSA.

39.     Commercial and Harrison repeatedly and willfully failed and refused to pay Plaintiff at least minimum wage for each and every hour she worked during the approximate last three weeks of her employment with Commercial and Harrison.

40.     Harrison may be held individually / personally liable along with Commercial for violating the minimum wage provisions of the FLSA.

41.     As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

### Count / Claim II – FLSA Overtime Violation (Against All Defendants)

42.     Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

43.     At all relevant times, Harrison was Wizard's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

44.     At all relevant times, Harrison acted directly in the interest of Wizard in relation to Plaintiff as defined by the FLSA.

45.     At all relevant times, Harrison was Commercial's CEO and, upon information and belief, the owner of Commercial / sole shareholder / majority shareholder of any and all of Commercial's issued / outstanding shares of stock.

46.     At all relevant times, Harrison acted directly in the interest of Commercial in relation to Plaintiff as defined by the FLSA.

47.     At all relevant times, Defendants were Plaintiff's employers as defined by the FLSA.

48.     At all relevant times, Defendants were subject to the overtime provisions of the FLSA.

49.     At all relevant times, Plaintiff was an employee of Defendants – specifically, "Office Manager" and/or "Accounts Payable Manager."

50.     At all relevant times, in order for Plaintiff to have been exempt from overtime pursuant to the FLSA, she must, among other things, have been paid at least $455.00 per week.

51.    From approximately December 2009 through the end of Plaintiff's employment, Wizard and Harrison repeatedly and willfully failed and refused to pay Plaintiff at least $455.00 per week.

52.    For approximately the last three weeks of Plaintiff's employment, Commercial and Harrison repeatedly and willfully failed and refused to pay Plaintiff at least $455.00 per week.

53.    Plaintiff worked in excess of forty hours per week during many weeks of her employment with Wizard and Harrison, including during many, if not all, of the weeks from approximately December 2009 through the end of her employment with Wizard and Harrison.

54.    Plaintiff worked in excess of forty hours per week during many weeks of her employment with Commercial and Harrison, including during most, if not all, of the approximate last three weeks of her employment with Commercial and Harrison.

55.    As a result of Wizard's and Harrison's failure to pay Plaintiff at least $455.00 per week from approximately December 2009 through the end of Plaintiff's employment with Wizard and Harrison, Plaintiff is entitled to time and

- 10 -

one half (i.e., overtime) for the time that she worked in excess of forty hours during each such week.

56.    Harrison may be held individually / personally liable along with Wizard for violating the overtime provisions of the FLSA.

57.    As a result of Commercial's and Harrison's failure to pay Plaintiff at least $455.00 per week for the approximately last three weeks of her employment with Commercial and Harrison, Plaintiff is entitled to time and one half (i.e., overtime) for the time that she worked in excess of forty hours during each such week.

58.    Harrison may be held individually / personally liable along with Commercial for violating the overtime provisions of the FLSA.

59.    As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages.

### Count / Claim III – Breach of Contract (Against All Defendants)

60.    Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

61.    Plaintiff's contracts with Defendants are valid and enforceable.

62.    Defendants breached their contracts with Plaintiff.

- 11 -

63.     Defendants repeatedly and willfully failed and refused to pay Plaintiff in accordance their contracts with Plaintiff.

64.     At all relevant times, Harrison was Wizard's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

65.     Harrison may be held individually / personally liable along with Wizard for breach of contract.

66.     At all relevant times, Harrison was Commercial's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

67.     Harrison may be held individually / personally liable along with Commercial for breach of contract.

68.     As a result of Defendants' breaches of their contracts with Plaintiff, Plaintiff has suffered damages.

## Count / Claim IV – All Litigation Expenses, Including Attorney's Fees and Costs, Pursuant to O.C.G.A. § 13-6-11 (Against All Defendants)

69.     Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

- 12 -

70.    Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense.

71.    At all relevant times, Harrison was Wizard's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

72.    Harrison may be held individually / personally liable along with Wizard with regard to Plaintiff's O.C.G.A. § 13-6-11 claim.

73.    At all relevant times, Harrison was Commercial's CEO and, upon information and belief, the owner of Wizard / sole shareholder / majority shareholder of any and all of Wizard's issued / outstanding shares of stock.

74.    Harrison may be held individually / personally liable along with Commercial with regard to Plaintiff's O.C.G.A. § 13-6-11 claim.

75.    As a result of Defendants acting in bad faith, being stubbornly litigious and causing Plaintiff unnecessary trouble and expense, Plaintiff has suffered damages.

### Count / Claim V – Declaratory Judgment (Against All Defendants)

76.    Plaintiff realleges and incorporates as if fully set forth herein the allegations set forth in all of the above paragraphs.

- 13 -

77.     At no time during Plaintiff's employment with Defendants did she agree to be their CFO.

78.     Plaintiff is entitled to a declaratory judgment that, at no time during her employment with Defendants, did she agree to be their CFO.

79.     At no time during Plaintiff's employment with Defendants did she authorize or give Defendants permission to list her as their CFO with the Georgia Secretary of State and/or on the Georgia Secretary of State's Website.

80.     Plaintiff is entitled to a declaratory judgment that, at no time during her employment with Defendants, did she authorize or give Defendants permission to list her as their CFO with the Georgia Secretary of State and/or on the Georgia Secretary of State's Website.

81.     At no time during Plaintiff's employment with Defendants did she authorize or give Defendants permission to represent to anyone that she was their CFO.

82.     Plaintiff is entitled to a declaratory judgment that, at no time during her employment with Defendants, did she authorize or give Defendants permission to represent to anyone that she was their CFO.

## **PRAYER FOR RELIEF**

- 14 -

WHEREFORE, Plaintiff prays for the following relief:

(a)     That judgment be entered in Plaintiff's favor and against Defendants on all of Plaintiff's claims;

(b)     That Plaintiff be awarded all of her unpaid minimum wages pursuant to the FLSA;

(c)     That Plaintiff be awarded liquidated damages in an amount equal to all of her unpaid minimum wages pursuant to the FLSA;

(d)     That Plaintiff be awarded all of her unpaid overtime wages pursuant to the FLSA;

(e)     That Plaintiff be awarded liquidated damages in an amount equal to all of her unpaid overtime wages pursuant to the FLSA;

(f)     That Plaintiff be awarded all of her attorney's fees, costs and litigation expenses pursuant to the FLSA;

(g)     That Plaintiff be awarded all of her breach of contract damages as allowed by law;

(h)     That Plaintiff be awarded all of her litigation expenses, including attorney's fees and costs, pursuant to O.C.G.A. § 13-6-11;

(i)     For the declaratory judgment sought in Plaintiff's Complaint; and

- 15 -

(j)     That Plaintiff be awarded any and all other and further relief as the

Court deems just, proper and/or appropriate.

### *JURY TRIAL DEMANDED*

Respectfully submitted this the 6th day of May, 2010.

Preston B. Davis
Georgia Bar No. 141999
preston@pbdavislaw.com
Counsel for Plaintiff

LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA  30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiff

- 16 -

## CERTIFICATION OF COUNSEL

Pursuant to Local Rule 7.1, N.D. Ga., the undersigned counsel certifies that this document was prepared with Times New Roman (14 point), one of the font and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.

Respectfully submitted this the 6th day of May, 2010.

Preston B. Davis
Georgia Bar No. 141999
preston@pbdavislaw.com
Counsel for Plaintiff

LAW OFFICE OF PRESTON B. DAVIS, LLC
4488 S. Springwood Dr. SW
Smyrna, GA  30082
Telephone: (678) 372-2477
Facsimile: (678) 945-5080

Counsel for Plaintiff

- 17 -